State of Wisconsin, Plaintiff-Respondent,
v.
Chenere L. Bailey, Defendant-Appellant.
No. 2004AP1152-CR.
Court of Appeals of Wisconsin.
Opinion Filed: April 14, 2005.
Before Deininger, P.J., Dykman and Vergeront, JJ.
¶1 PER CURIAM.
Chenere Bailey appeals from a judgment of conviction. The issue is whether there was probable cause to arrest her for violating the Madison trespassing ordinance. We affirm.
¶2 The trial court denied Bailey's suppression motion and she then pled no contest to two controlled substance violations. She may challenge that ruling on appeal, notwithstanding her pleas. WIS. STAT. § 971.31(10) (2003-04).[1] The parties appear to agree on appeal that the warrantless search that produced the controlled substances was permitted only if it was a search incident to a lawful arrest for violating Madison's trespassing ordinance, MADISON, WIS., GEN. ORDINANCES § 23.07(2) (2004). The parties agree that the ordinance provides that it is unlawful for any person to enter or remain on any property of another or to enter or remain in any building of another after having been notified by the owner or occupant not to enter or remain on such premises.
¶3 Bailey argues that the police lacked probable cause to arrest her for this violation. The facts appear to be largely undisputed. The main issue is whether those facts give rise to probable cause, which is a legal issue we review without deference to the circuit court. State v. Wilks, 117 Wis. 2d 495, 500-01, 345 N.W.2d 498 (Ct. App. 1984), aff'd, 121 Wis. 2d 93, 358 N.W.2d 273.
¶4 We will not attempt to recite all of the facts addressed at Bailey's motion to suppress, but instead will summarize the most significant ones. Police officers testified that on a January night in 2003, at approximately 8:00 p.m., Bailey was observed standing in a private driveway next to an apartment building. The testimony gives rise to an inference, which Bailey appears to accept, that she was in that location for at least twenty-five minutes. The building had a cardboard sign on the side facing the driveway, approximately two-feet square, that was described as a "no trespassing" sign. When an unmarked police car pulled up in front of the building, Bailey walked away. An officer contacted Bailey, who explained that she had been visiting someone in an adjoining building. Without further investigation into that claim, the officer arrested Bailey.
¶5 Bailey argues that the police did not have probable cause to arrest her because there was insufficient basis for them to reasonably believe that she had been notified that she could not remain there. She argues that the sign, located near a door into the building, does not provide notice that it covered the driveway, as well as entry into the building. She also notes the absence of such a sign placed in a manner that would face those entering the driveway. We emphasize that the standard we apply here is not whether there is evidence to sustain a finding of guilt for that offense. The test of probable cause for an arrest is lower. See Wilks, 117 Wis. 2d at 500-01. Applying that lower standard, we conclude that an officer could reasonably believe that the sign provided sufficient notice covering the driveway.
¶6 Bailey argues that it is legal for non-residents to visit residents, and therefore the officer should have made some effort to confirm her story before making the arrest. However, she cites no case law to the effect that an officer must eliminate all reasonable explanations before making an arrest. Moreover, a period of twenty-five minutes or more, by the time the arresting officer arrived, is far beyond what is normally required to arrive at or leave a place being visited.
Judgment affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.